## PARTITION SUPERSEDED BY PROCEEDINGS OF ADMINISTRATOR.

[Circuit Court of Crawford County.]

FRANK P. MYERS ET AL V. MARGARET P. MYERS ET AL.

Decided, January Term, 1907.

*Administration of Estates—Partition—When Action for Partition may be Brought—When Order for Partition may be Taken—Hasty Action by Heirs—How Administrator may Intervene—Section 5756 Construed.*

1. A suit in partition may be commenced by an heir at any time after the death of the ancestor, although no order for partition can be taken until after the expiration of one year from such ancestor's death, unless the petition shall set forth and it be proved that all the debts and claims against the estate of such decedent have been paid or secured to be paid, or that the personal property of the decedent is sufficient to pay the same. *Swihart* v. *Swihart*, 7 C. C., 338, and *Smith* v. *Montag*, 32 Bull., 153, not followed.

2. But, when the sale of the lands of such ancestor is necessary to pay debts of his estate, the filing of such suit in partition does not prevent the administrator from proceeding to sell the lands; and on filing his certificate from the probate court in accordance with Section 6173, Revised Statutes, in the court of common pleas where such partition suit is pending, he is entitled to an immediate order of sale, the necessity for such sale not being contested; and, without filing such certificate, he may appear in said partition suit and, on his cross-petition, obtain such order of sale without waiting for the expiration of the year from the ancestor's death.

3. The law favors the speedy and orderly settlement of estates, and an heir will not be suffered to interfere with such speedy and orderly settlement by a hasty suit in partition; but the partition suit, if commenced, will be superseded by and subject to the proceedings of the administrator on his cross-petition praying for the sale of lands to pay debts.

HURIN, J.; NORRIS, J., and DONNELLY, J., concur.

Appeal from the Crawford Common Pleas Court.

John G. Myers died intestate November 16, 1905, seized of certain real estate. The administrator of his estate in the per-

formance of his trust, discovered certain claims against the estate which he caused to be submitted to arbitrators in accordance with the provisions of Section 6093, Revised Statutes.

While these proceedings were pending in the probate court, certain of the heirs commenced proceedings in partition in the court of common pleas, making the administrator a defendant, and causing service of summons to be made upon him.

This petition in partition was filed June 16, 1905. just seven months after the death of John G. Myers. On June 23, 1905. the arbitrators made their report to the probate court finding the claims submitted to them to be valid claims against the estate to the amount of $3,000. On June 30, the administrator filed in the probate court a petition to sell lands to pay debts.

Thereupon the heirs who were plaintiffs in the partition case, appeared in the probate court and by answer to the administrator's petition to sell lands set up the fact of the pending partition suit in the common pleas court as a bar to further proceedings in the probate court regarding the same lands. A demurrer to this answer was sustained by the probate court and a judgment rendered for the administrator and a sale of the land ordered. No error was prosecuted to this judgment.

Thereupon the administrator appeared in the common pleas court and by answer set up his order of sale obtained in the probate court as a bar to the action in partition. The common pleas court sustained a demurrer to this plea and ordered partition of the land. From this judgment the administrator appealed to this court.

The first question arising is as to the right of the heirs to commence partition proceedings before the expiration of one year from the death of the ancestor.

Section 5756 provides that—

"Where the title to such estate came to such persons by descent or devise upon the death of an inhabitant of this state, a partition thereof shall not be ordered by the court within one year from the date of the death of such inhabitant unless the petition shall set forth and it be proved. that all of the debts and claims against the estate of such decedent have been paid or secured to be paid, or that the personal property of said deceased is sufficient to pay the same."

This statute has created much discussion.  Its intent apparently was to prevent unseemly haste on the part of heirs in rushing into court and seeking a partition of an ancestor's estate immediately after his decease.

The circuit court of this circuit, per Seney, J. (Judge Day dissenting), rendered a decision in the case of *Swihart* v. *Swihart*, 7 C. C., 338, in which it was held that this statute, 5756, denies to the heir the right to commence such action within a year after the death of his ancestor.

And in *Smith* v. *Montag*, 32 Bull., 153, Judge Hunt held to the same effect and said:

"There can be no doubt but that the Legislature intended by this amendment to give the exclusive right to the administrator or executor for one year to sell the real estate to pay debts," etc.

But in the case of *Fryman* v. *Fryman*, 9 C. C., 91, the fifth circuit court took the contrary view, and held that the statute meant simply what it said and no more, viz., that "a partition shall not be ordered within one year from the death of such inhabitant."

After an examination of all these decisions and of the statute in question, we are constrained to believe that the latter view is the correct one and that, while a partition suit may be commenced at any time after the death of the ancestor, no order of partition can be taken until after one year from such death. Whatever may have been the intention of the Legislature, it has not gone farther than to prohibit the taking of the order for partition.  It follows then, in the case at bar, that the suit in partition was properly pending at the time the administrator filed his petition in the probate court to sell lands to pay debts, and it appears that when he did so he had already been served with summons in the partition case and was therefore duly notified that such case was pending.

In filing his petition in the probate court to sell lands to pay debts, the administrator appears to have strictly complied with the statutes 6136, *et seq.*, and to have promptly and in strict conformity to the usual course in such cases, attempted to

carry out the provisions of law for the subjection of the land
to the debts of the intestate, simply pursuing the course of con-
duct which, by the commencement of the process of arbitration,
he had started to follow before the filing of the suit in partition.

But in so doing he appears to have overlooked the provisions
of Sections 6173 and 6174, Revised Statutes, which provide
another way for accomplishing the same result and apparently
an exclusive way, by procuring from the probate court a certifi-
cate of the amount necessary to pay the indebtedness and ex-
penses in addition to the assets, and filing this certificate with
the court in which the proceedings for partition are pending.

Section 6174 provides that such court shall, on motion of the
administrator, order the amount named in such certificate to
be paid over to the administrator out of the proceeds of the
sale of the premises.

The evident purpose of these sections of the statutes is to
provide a quick and easy and inexpensive method for the pay-
ment of these debts without undue litigation; and to further
insure the administrator against danger of loss of the land as
security for the payment of the debts of the estate, it is in
Section 6174 provided, that nothing therein contained shall be
so construed as to prohibit any executor or administrator from
proceeding to sell land belonging to such estate to pay any
debts, when the same has been sold on partition or otherwise, or
the proceeds of such sales fully distributed.

And the Supreme Court has repeatedly held that the debts
of the ancestor are liens on his lands indefeasible by any ac-
tion of the heirs or others in a partition case, and that any
purchaser thereof, either by private purchase from the heirs
or at a partition sale, takes said land *cum onere*. *Faran* v.
*Robinson,* 17 O. S., 243; *Doan* v. *Biteley,* 49 O. S., 586; *Lafferty*
v. *Shinn,* 38 O. S., 46; *Sidener* v. *Hawes,* 37 O. S., 532.

It is thus evident that the administrator could have lost
nothing but time by proceeding in the partition case, for he was
amply protected by statute.

While it must seem an extraordinary thing for an heir of
an estate, in process of administration and possibly insolvent,
to step in and interrupt the orderly administration of the estate

and, for his own purposes, choose his own forum for the determination of his own interests—another forum from that in which the administrator is properly and diligently acting—and while we do not say that such a course would be permissible, after the administrator has actually petitioned the probate court for an order to sell lands and that court has assumed jurisdiction, yet under the state of facts appearing in this case, such action by the heir seems to be expressly permitted to him by the law and the administrator is bound by the provisions of the statutes expressly providing for such an emergency.  Sections 6173 and 6174.

But was he obliged to wait till the heir could at the end of a year take his order of partition?  We think not.

The law favors the speedy settlement of estates.  While these statutes gave the administrator an assurance of ultimate funds to be derived from the sale of the land at the end of the year, if at that time the pleadings in the partition suit were ripe for the taking of the order of partition or sale, yet he was not bound to await the passing of the year before subjecting such lands to sale.  It was his right and duty to proceed with such sale as soon as possible after discovering the necessity thereof.

Having been brought into the partition case against his will, he had the right and it was his duty to set up in that proceeding the necessity of a sale of the lands, and to ask and receive an order for such sale on his cross-petition.

His right to such order supercedes the right of the heirs to an order of partition, and the action in partition must thenceforth proceed on his cross-petition, as a proceeding to sell lands to pay debts, at least until the debts which he represents are provided for (*Lafferty* v. *Shinn*, 38 O. S., 46)   For if it should happen that the sale of all the lands was necessary in order to pay debts, there would be no lands left to partition among the heirs.  And, under the statutes and decisions previously referred to, no order of partition could avail to prevent this sale of the lands on his demand—the necessity of a sale to pay debts being undisputed—nor could a partition, had one actually been made, and even though the lands had been resold to third parties, have prevented a sale of the same lands on

his demand. No title could have passed by an order of partition that would have been free from the claim of the administrator for debts of the estate. See *Faran* v. *Robinson, Lafferty* v. *Shinn*, and *Sidener* v. *Hawes, supra.*

The demurrer to the cross-petition of the administrator will· therefore be overruled; there will be a finding and decree in favor· of the administrator on his cross-petition and an order of sale on that cross-petition, appraisers appointed, execution awarded and cause remanded for execution and further proceedings.

*L. C. Feighner* and *Anson Wickham*, for plaintiff.

*Scroggs & Monnett, Finley & Gallinger, Kennedy & Kennedy* and *W. J. Schwenk*, for defendant.

---

## ORDERS NOT PREVENTING A JUDGMENT.